1

2

3                 UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON

4                         AT TACOMA

5 BREON M.,                          CASE NO. C19-5942 BHS

6               Plaintiff,           ORDER AFFIRMING DENIAL OF
    v.                                 BENEFITS

7

8 COMMISSIONER OF SOCIAL
SECURITY,

9              Defendant.

10

11                   **I.**       **BASIC DATA**

12 Type of Benefits Sought:

13     (X) Disability Insurance

14     (X) Supplemental Security Income

15 Plaintiff's:

16     Sex:  Male

17     Age:  44 at the time of amended alleged disability onset.

18 Principal Disabilities Alleged by Plaintiff:  Right foot problems, anxiety, depression, sleep disturbance, concentration deficit.  *See* Admin. Record (Dkt. # 10) ("AR") at 134–35.

19 Disability Allegedly Began:  June 5, 2012

20 Principal Previous Work Experience:  Tractor operator, supervisor.

21 Education Level Achieved by Plaintiff:  High school diploma.

22

## II.    PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ") Marilyn Mauer:

Date of Hearing:  January 26, 2018, and June 20, 2018[1]

Date of Decision:  September 5, 2018

Appears in Record at:  AR at 36–52

Summary of Decision:

The claimant met the insured status requirements of the Social Security Act through December 31, 2016.

The claimant has not engaged in substantial gainful activity since the amended alleged onset date.  *See* 20 C.F.R. §§ 404.1571–76, 416.971–76.

The claimant has the following severe impairments:  right tarsal tunnel syndrome, osteoarthritis of the left knee and ankle, anxiety, and depression.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with exceptions.  He can lift 10 pounds occasionally and less than 10 pounds frequently.  He can stand and/or walk for 20 minutes at a time up to two hours total in an eight-hour work day.  He can sit for at least six hours in an eight-hour work day.  He requires the use of a cane in the non-dominant left hand when walking and standing.  He can never climb ladders, ropes, or scaffolds.  He can occasionally climb ramps and stairs.  He can occasionally stoop.  He can never crouch, crawl, or kneel.  He can frequently reach overhead.  He can frequently handle, finger, and feel objects.  He can have occasional exposure to hazards such as unprotected heights and large moving equipment.  He can have superficial public

---

[1] A hearing was initially held on October 4, 2017, but Plaintiff was unrepresented and was granted a continuance to seek counsel.  *See* AR at 70–81.

contact.  He can understand, remember, and apply information consistent with tasks that have a GED reasoning level of three or less.

The claimant is unable to perform any past relevant work.  *See* 20 C.F.R. §§ 404.1565, 416.965.

The claimant was a younger individual (age 18–49) on the amended alleged disability onset date.  On XXXX, 2017,[2] he changed age category to an individual closely approaching advanced age.  *See* 20 C.F.R. §§ 404.1563, 416.963.

The claimant has at least a high school education is able to communicate in English.  *See* 20 C.F.R. §§ 404.1564, 416.964.

Prior to XXXX, 2017, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  *See* Social Security Ruling 82–41; 20 C.F.R. Part 404, Subpart P, App'x 2.

Prior to XXXX, 2017, the date the claimant's age category changed, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could perform.  *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a).

Beginning on XXXX, 2017, the date the claimant's age category changed, considering the claimant's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that the claimant could perform.  *See* 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), 416.966.

The claimant was not disabled prior to XXXX, 2017, but became disabled on that date, and has continued to be disabled through the date of the ALJ's decision.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2016, the date last insured.  *See* 20 C.F.R. §§ 404.315, 404.320.

---

[2] Because Plaintiff's birthdate is easily discernable from this date, it is redacted.  *See* Fed. R. Civ. P. 5.2(a)(2); LCR 5.2(a)(1).

Before Appeals Council:

    Date of Decision:  August 7, 2019

    Appears in Record at:  AR at 1–3

    Summary of Decision:  Denied review.

### III.      PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Id.*

## V.     EVALUATING DISABILITY

Plaintiff bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI.     ISSUES ON APPEAL

A.     Whether the ALJ erred in discounting Plaintiff's symptom testimony.

B.     Whether the ALJ erred in evaluating the opinions of Robert Thompson, M.D.

C.     Whether the ALJ erred in rejecting the opinions of Michael Frazier, D.P.M.

D.     Whether the ALJ erred in assessing Plaintiff's RFC, and basing his step

1    five findings on that RFC.

2                            **VII.       DISCUSSION**

3    **A.    The ALJ Did Not Harmfully Err in Discounting Plaintiff's Symptom
            Testimony**

4
            Plaintiff argues the ALJ erred in discounting his subjective symptom testimony.
5
     Pl. Op. Br. (Dkt. # 12) at 2–5.  Plaintiff focuses on his physical symptom testimony, so
6
     the Court will do the same.  *See id.*
7
            Plaintiff testified he could not work because of ongoing pain in his right foot and
8
     back.  *See* AR at 88, 331.  He testified he uses a cane.  AR at 92, 337.  He testified he
9
     could lift five pounds off and on for up to two hours.  AR at 95.  He testified he could
10
     stand in one place for 15–20 minutes, and walk without interruption for 20–30 minutes.
11
     *Id.*  He testified he elevated his feet at least twice a day for upwards of thirty minutes at a
12
     time.  AR at 98–99.
13
            The Ninth Circuit has "established a two-step analysis for determining the extent
14
     to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871
15
     F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has
16
     presented objective medical evidence of an impairment that "'could reasonably be
17
     expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v.*
18
     *Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).  At this stage, the claimant need only
19
     show the impairment could have caused some degree of the symptoms; he does not have
20
     to show the impairment could reasonably be expected to cause the severity of the
21
     symptoms alleged.  *Id.*  The ALJ found Plaintiff met this step because his medically
22

1   determinable impairments could reasonably be expected to cause the symptoms he

2   alleged.  AR at 42.

3          If the claimant satisfies the first step, and there is no evidence of malingering, the

4   ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing

5   reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678

6   (quoting *Garrison*, 759 F.3d at 1014–15).  Affirmative evidence of malingering,

7   however, can alone support an ALJ's rejection of the plaintiff's testimony.  *See Schow v.*

8   *Astrue*, 272 F. App'x 647, 651 (9th Cir. 2008) (noting the existence of "affirmative

9   evidence suggesting malingering vitiates the clear and convincing standard of review")

10  (internal quotation marks omitted).

11         The ALJ discounted Plaintiff's testimony regarding the severity of his physical

12  symptoms.  *See* AR at 42–47.  The ALJ determined Plaintiff's testimony was inconsistent

13  with the overall medical evidence, which showed largely mild findings and effective

14  symptom control through treatment and medication.  *See* AR at 46.  The ALJ also found

15  evidence that Plaintiff had exaggerated his symptoms and limitations.  *See* AR at 47.

16         Plaintiff has failed to show the ALJ harmfully erred in rejecting his physical

17  symptom testimony.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing

18  *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an

19  administrative decision bears the burden of proving harmful error).  The ALJ noted

20  doctors found evidence of exaggeration at two separate evaluations.  In April 2014,

21  Podiatrist Terry Felts, D.P.M., and orthopedist William Bulley, M.D., noted Plaintiff's

22  pain was out of proportion to their objective findings, Plaintiff showed a "pain/disability

1    conviction," and "there [was] significant concern for [Plaintiff's] amplified/exaggerated

2    pain[,] which has also been noted by previous [independent medical examination]

3    doctors." AR at 555–56.  In March 2016, John Coe, D.O., noted Plaintiff's "[g]ait is

4    quite obviously abnormal probably with some degree of conscious accentuation."  AR at

5    678.  Plaintiff has not shown the ALJ unreasonably interpreted this evidence, and has

6    thus failed to show she harmfully erred in discounting Plaintiff's testimony based on

7    symptom exaggeration.

8            The Court need not address the ALJ's finding that Plaintiff's testimony was

9    inconsistent with the medical evidence because any error in that analysis was harmless.

10   "[A]n error is harmless so long as there remains substantial evidence supporting the

11   ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate

12   conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v.*

13   *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).  The ALJ's finding of

14   exaggeration remains valid regardless of any error in finding, for example, that Plaintiff's

15   symptoms were not effectively controlled with treatment.  Plaintiff has thus failed to

16   show the ALJ harmfully erred in rejecting Plaintiff's physical symptom testimony.

17   **B.    The ALJ Did Not Harmfully Err in Evaluating Dr. Thompson's Opinions**

18           Plaintiff argues the ALJ erred in evaluating Dr. Thompson's opinions by failing to

19   address all of his testimony.  Pl. Op. Br. at 5–7.  In particular, Plaintiff contends Dr.

20   Thompson opined Plaintiff would need to elevate his leg for at least 15 minutes two to

21   three times a day.  *See id.*

22

1    Dr. Thompson testified as a medical expert at a supplemental hearing on June 20,

2   2018.  *See* AR at 116–31.  Dr. Thompson testified Plaintiff had exertional, manipulative,

3   postural, and environmental limitations.  *See* AR at 120–26.  Of primary importance to

4   Plaintiff's argument, Dr. Thompson also had the following exchange with the ALJ

5   regarding whether Plaintiff needed to elevate his foot throughout the day:

6        Q [ALJ].      And Doctor, in the record, was there any evidence that
         would support the Claimant's need to elevate his foot while seated?
7
8        A.      There was mild swelling noted a couple of places, and there
         was no evidence of an inflammatory arthritis seen in the record.

9        Q.      So is that a no?

10       A.      Well, the issue there is that people who have obesity will get
         one plus swelling, and it may or may not require elevation.  I can't say for
11       sure.

12       Q.      Would it be necessary for the relief of pain?

13       A.      Yes, probably.

14       Q.      At what frequency would the elevation be necessary?

15       A.      Oh boy.  I would imagine that at least for a period of time like
         15 minutes and probably maybe two, perhaps three in an entire [work] day.
16
17       . . .

         Q.      Okay.  So that would be equivalent to if there were standard
18       breaks every two hours for 15 minutes, that would be sufficient?

19       A.      I think so.  I did not see specific evidence of gross swelling or
         pitting edema stated.  If I missed it, I'd be happy to review that evidence.
20
    AR at 126–27.

21

22

1    The ALJ gave Dr. Thompson's opinions great weight.  AR at 49.  The ALJ did not

2    explicitly address Dr. Thompson's testimony regarding whether Plaintiff needed to

3    elevate his leg during the day.  *See id.*

4    Plaintiff has failed to show harmful error.  *See Ludwig*, 681 F.3d at 1054 (citing

5    *Shinseki*, 556 U.S. at 407–09).  Although Dr. Thompson indicated Plaintiff would

6    probably need to elevate his leg for 15 minutes about two to three times a day, he also

7    testified that if an employer provided the standard 15-minute breaks every two hours,[3]

8    that would be sufficient.  *See* AR at 127.  The ALJ does not need to add limitations to the

9    RFC that would not actually limit employment.

10   The vocational expert's testimony does not require a different result.  The

11   vocational expert stated that if Plaintiff needed to elevate his leg for "more than 15

12   minutes at a time," it would be prohibitive to being able to maintain employment.  AR at

13   109–10.  Dr. Thompson testified at most that Plaintiff would need to elevate his leg for

14   15 minutes at a time, so the vocational expert's testimony does not establish Plaintiff is

15   unable to work.

16   Plaintiff further argues the ALJ erred by failing to accept Dr. Thompson's

17   testimony that he could not oppose an opinion from Dr. Frazier.  *See* Pl. Op. Br. at 6.

18   First, Plaintiff overstates Dr. Thompson's testimony.  Dr. Thompson did not opine that

19   Dr. Frazier was correct; he testified, "I don't have solid data with which to disagree."  AR

20   at 128.  Second, as discussed below, Dr. Frazier did not opine as to any limitations; he

21

22   _____

     [3] The parties do not dispute that this is standard among employers.  *See* Pl. Op. Br. at 5–
     6; Def. Resp. Br. (Dkt. # 13) at 9.

1    stated his treatment was consistent with statements from others.  *See infra* Part VII.C.

2    The ALJ was not obligated to add any limitations to the RFC based on this testimony.

3    Plaintiff has therefore failed to show the ALJ harmfully erred in evaluating Dr.

4    Thompson's opinions.

5    **C.    The ALJ Did Not Harmfully Err in Discounting Dr. Frazier's Opinions**

6          Plaintiff argues the ALJ failed to give specific and legitimate reasons for rejecting

7    Dr. Frazier's opinions.  Pl. Op. Br. at 7–9.  Dr. Frazier responded to a yes/no

8    questionnaire from Plaintiff's counsel.  *See* AR at 923–24.  Dr. Frazier agreed with all of

9    counsel's statements, including that another doctor's opinions were "consistent with" his

10   observations and treatment, and that Plaintiff's claim that he needed to elevate his right

11   leg was "consistent with the nature and severity of [Plaintiff's] foot and ankle

12   conditions."  AR at 923–24.

13         The ALJ gave Dr. Frazier's opinions limited weight.  AR at 48–49.  The ALJ

14   reasoned the "format of the statement requires forced choice answers in a letter drafted by

15   the claimant's representative."  AR at 49.  The ALJ further reasoned Dr. Frazier's

16   opinions were inconsistent with his and others' clinical findings.  *Id.*

17         Plaintiff has not identified any specific limitations about which Dr. Frazier opined

18   that were excluded from the RFC, and has thus not shown harmful error.  *See Osenbrock*

19   *v. Apfel*, 240 F.3d 1157, 1163–64 (9th Cir. 2001) (noting the ALJ has no obligation to

20   include in the RFC alleged limitations for which the claimant fails to present evidence).

21   Dr. Frazier stated his observations and treatment were not inconsistent with statements

22   and opinions from others, but that is not the same as opining that Plaintiff had specific

1   limitations.  Regardless of the validity of the ALJ's reasoning, there were no firm opined

2   limitations from Dr. Frazier that the ALJ needed to include in the RFC.  Plaintiff has thus

3   failed to show the ALJ harmfully erred in evaluation Dr. Frazier's opinions.

4   **D.      The ALJ Did Not Harmfully Err in Assessing Plaintiff's RFC and Performing the Step Five Evaluation**

5

6         Plaintiff argues the ALJ erred in assessing Plaintiff's RFC because she did not

include all limitations supported by Plaintiff's testimony, Dr. Thompson's opinions, and

7

8   Dr. Frazier's opinions.  Pl. Op. Br. at 9–10.  This argument is derivative of Plaintiff's

other arguments, as it is based on the contention the ALJ failed to properly evaluate the

9

10   medical evidence and Plaintiff's symptom testimony.  *See id.*  Because the Court has

found the ALJ did not err in her assessment of the evidence, Plaintiff's argument fails.

11

12   *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding an ALJ has

no obligation to include limitations in the RFC that are based on properly rejected

13

14   opinions and testimony).

### VIII.      ORDER

15

16         Therefore, it is hereby ORDERED that the Commissioner's final decision denying

Plaintiff disability benefits is AFFIRMED and this case is DISMISSED with prejudice.

17

18         Dated this 6th day of July, 2020.

19

20                   _____

                     BENJAMIN H. SETTLE

21                  United States District Judge

22